# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 16-1574V
Filed: October 11, 2017
UNPUBLISHED

| | |
|---|---|
| DONALD D. DIX,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA); Adhesive<br>Capsulitis |

*Milton C. Ragsdale, IV*, Ragsdale, LLC, Birmingham, AL, for petitioner.
*Douglas Ross*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

  On November 28, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). "). Petitioner alleged that he suffered a shoulder injury related to vaccine administration ("SIRVA") after receiving an influenza ("flu") vaccination on September 29, 2015. Petition at 1-3. The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters.

  On May 17, 2017, the undersigned issued a ruling on entitlement, finding petitioner entitled to compensation for adhesive capsulitis. On October 11, 2017, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $123,732.00, which amount is comprised of: a) $110,000.00 for pain and suffering; b) $10,678.00 for future expenses; and c) $3,054.00 for past expenses. Proffer at 1. In the Proffer, respondent represented that petitioner agrees with the

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

proffered award. *Id.* Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $123,732.00 in the form of a check payable to petitioner, Donald D. Dix.** This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| DONALD D. DIX,<br><br>      Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH<br>AND HUMAN SERVICES,<br><br>      Respondent. | No. 16-1574V (ECF)<br>CHIEF SPECIAL MASTER<br>NORA BETH DORSEY |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

In her May 17, 2017 decision, the Chief Special Master found that a preponderance of the medical evidence indicates that petitioner suffered a shoulder injury related to vaccine administration ("SIRVA"), which was causally related to the flu vaccination he received on September 29, 2015. The parties have now addressed the amount of compensation to be awarded in this case.

**I.**    **Compensation**

Based upon the evidence of record, respondent proffers that a lump sum of $123,732.00 should be awarded petitioner. This amount is comprised of: a) $110,000.00 for pain and suffering; b) $10,678.00 in future expenses; and c) $3,054.00 for past expenses. This lump sum amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).[1] Petitioner agrees.

---

[1] Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.

## II. Form of the Award

The parties recommend that the compensation provided should be made in the form of a check for $123,732.00 payable to petitioner.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

*/s/ DOUGLAS ROSS*
DOUGLAS ROSS
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel.: (202) 616-3667

DATE: October 11, 2017